UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN, | No. 2:15-cv-1382 DB P |
| Plaintiff, | |
| v. | ORDER |
| LASSEN COUNTY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants interfered with his right to marry. Before the court is plaintiff's motion to compel discovery responses. For the reasons set forth below, plaintiff's motion will be granted in part and denied in part.

**BACKGROUND**

This case is proceeding on plaintiff's original complaint filed here on June 30, 2015. (ECF No. 1.) Therein, plaintiff alleges defendants Lassen County and Julie Bustamante denied his request for a marriage license when he was incarcerated at the Lassen Adult Detention Facility. Plaintiff provides a copy of a letter from the Office of the Lassen County Clerk-Recorder stating that "[w]hen purchasing a marriage license in Lassen County, both parties must be physically present to sign the marriage license in our office." (ECF No. 1 at 4.)

////

1

On November 14, 2016, defendants answered the complaint. (ECF No. 28.) On November 21, the court issued a Discovery and Scheduling Order setting a deadline of March 10, 2017 for discovery and June 2, 2017 for pretrial motions. (ECF No. 29.)

On March 13, 2017, plaintiff filed the present motion to compel. (ECF No. 31.) Defendants oppose the motion (ECF No. 33) and plaintiff filed a reply (ECF No. 35).

On March 20, 2017, plaintiff filed a motion for summary judgment (ECF No. 32) and on April 28, defendants filed a motion for summary judgment (ECF No. 36). Plaintiff seeks an extension of time to respond to defendants' motion. (ECF No. 40.)

**MOTION TO COMPEL**

Plaintiff moves to compel defendants to respond to the following discovery: first request for production of documents, second request for production of documents, second set of interrogatories, and deposition questions. In addition, plaintiff seeks sanctions under Federal Rule of Civil Procedure 37(a)(4). (See ECF No. 31 at 2.) Plaintiff contends defendants improperly objected to the first request for production of documents, provided no list of privileged documents, and responded too late. Plaintiff further contends defendants failed to respond at all to his deposition questions or to his second set of requests for production and interrogatories. Defendants oppose plaintiff's motion. They argue most of the discovery was propounded too late, plaintiff's motion is untimely, and plaintiff's motion is meritless.

**I.      Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why

the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II.     Analysis of Motion to Compel**

   **A. Timeliness**

      **1.    Timeliness of Motion**

Defendants first allege that plaintiff's motion is untimely. The Discovery and Scheduling Order issued November 21, 2016 stated: "The parties may conduct discovery until March 10, 2017. Any motions necessary to compel discovery shall be filed by that date." (ECF No. 29 at 5.) Plaintiff's motion was filed March 13, 2017. (ECF No. 31.) The Proof of Service attached to plaintiff's filing states that he delivered his motion to prison authorities on March 9, 2017. (Id. at 96.)

Pursuant to the "mailbox rule," the court considers the date a prisoner turns over his filing to prison authorities for mailing as the filing date. See Houston v. Lack, 487 U.S. 266, 270 (1988). The court applies this rule to pro se prisoner legal filings to ensure that their filings are not unfairly barred as untimely due to delays beyond their control. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

Defendants contend the mailbox rule applies only to notices of appeal. Defendants cite no authority supporting that contention. The Ninth Circuit has made clear that the mailbox rule applies to many different prisoner filings. See Douglas, 567 F.3d at 1107 (applying the rule to the filing of a section 1983 suit in the district court); James v. Madison St. Jail, 122 F.3d 27, 28 (9th Cir. 1997) (per curiam) (applying rule to trust account statements required to be filed by 28 U.S.C. § 1915(a)(2)); Caldwell v. Amend, 30 F.3d 1199, 1201 (9th Cir. 1994) (applying the rule to a Rule 50(b) motion); Faile v. Upjohn Co., 988 F.2d 985, 989 (9th Cir. 1993) (applying the rule to discovery responses). The court finds plaintiff's motion is deemed filed on March 9, 2017 when he provided it to prison authorities for mailing. Accordingly, plaintiff's motion is timely.

**2. Timeliness of Discovery Requests**

Defendants contend plaintiff's second requests for production and second sets of interrogatories were untimely.

The Discovery and Scheduling Order required that "[a]ll requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to" March 10, 2017, the deadline for discovery. Therefore, discovery requests should have been served by January 9, 2017.

Plaintiff states in his motion that he submitted the second sets of interrogatories and the request for production of documents to defendants on January 29, 2017. (Id. at 5.[1]) Because it

---

[1] Plaintiff's "Request for Production of Documents Set Two" is not dated. (See id. at 79-81.) It appears that it was served with plaintiff's "Interrogatories Propounded to Defendant Lassen County, Set Two" (id. at 82-86.) Those interrogatories are dated January 25, 2017. (See id. at 86.) Plaintiff provides a second "Request for Production of Documents Set Two." (Id. at 87-89.) It is not clear to whom this request is directed. It is dated January 29, 2017. (Id. at 89.) Finally, plaintiff provides a copy of "Interrogatories Propounded to Defendant Julie M. Bustamante Set Two." (Id. at 90-95.) They are also dated January 29, 2017. (Id. at 95.)

4

appears plaintiff did not propound any of his second set of requests for production or interrogatories until well after the deadline, the court finds plaintiff's requests are untimely and defendants' objections to the requests on that basis are valid. Plaintiff's motion to compel responses to his second set of discovery will be denied.

Accordingly, the court will address the remaining aspect of plaintiff's motion to compel regarding his first request for production of documents and his request for answers to deposition questions.

### B. Merits of Motion to Compel

#### 1. First Request for Production of Documents

Plaintiff propounded to defendants seven requests for the production of documents. They are dated December 6, 2016. (See ECF No. 31 at 16-17.) In a response dated January 13, 2017, defendants objected to each request and provided no documents. (See ECF No. 31 at 41-43.) Defendants responses were thus timely under the Discovery and Scheduling Order which allowed 45 days for a response. (See ECF No. 29 at 4.)

Plaintiff specifically addresses only a few of the requests for production and objections thereto. First, plaintiff complains that defendants did not provide any documents "that support your answers to your interrogatory responses." (Req. No. 1 (ECF No. 31 at 42).) However, the only document plaintiff mentions should have been produced is "proof of employment." (See ECF No. 31 at 9.) Plaintiff does not explain further why a proof of employment is necessary. The court assumes plaintiff is referring to the employment of defendant Bustamante. Bustamante responded to an interrogatory that she is the County Clerk-Recorder. Because there is thus no dispute about her employment, plaintiff does not require any further proof of her employment.

Second, in his motion, plaintiff argues that he is not seeking personal information, but is only seeking information relevant to his case. (See ECF No. 31 at 10.) Plaintiff is apparently referring to Request No. 2 "Each and every document and tangible thing to prove your annual earnings for the last 10 years." (Id. at 42.) Defendants objected to this request on the grounds that: (1) it did not seek information calculated to lead to the discovery of relevant evidence, and (2) it violated defendant's right to privacy. In his reply brief, plaintiff argues evidence of

5

Bustamante's earnings is relevant to "see if the defendants had been bribed in approving marriage licenses." (ECF No. 35 at 3.) Plaintiff's complaint makes no allegations of bribery and he presents no evidence or argument to support this assertion. Discovery cannot be used to investigate theories and allegations that are no more than speculation. See Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'") Plaintiff fails to show a request for information about defendant Bustamante's income would lead to the discovery of relevant evidence.

Third, plaintiff contends he requires copies of the 482 marriage licenses defendants state in their interrogatory answers were issued to incarcerated individuals in the last ten years. Defendants state that providing these licenses would be unduly burdensome. Plaintiff states that he requires that information to show defendants acted with malice. (See ECF No. 35 at 2.) He does not, however, explain why this is so. Plaintiff does not appear to dispute defendants' statement that Lassen County has issued many marriage licenses to incarcerated people. He states that he wants to show that none of the applicants were housed at the Lassen Adult Detention Facility, the jail where he was in custody when he submitted his request for a marriage license. However, in the interrogatory answers, defendant Bustamante stated that in the last ten years, just two persons in custody at that facility had requested marriage licenses. (See ECF No. 31 at 34-35.) Plaintiff fails to show why he requires all 482 marriage licenses to prove his claim – that defendants interfered with his right to marry.

Finally, the court has reviewed each of plaintiff's requests for production of documents and defendants' objections to them. The court finds defendants' objections valid, with one exception. For the most part, plaintiff's requests seek information that will not lead to the discovery of relevant evidence, are argumentative, or are overbroad. The court recognizes plaintiff is acting in pro per and considers his discovery requests liberally. Nonetheless, plaintiff fails to show a legitimate basis for most of the documents he seeks, and the court can find none.

The one exception to the court's finding is plaintiff's request for documents responsive to the interrogatory answer about the laws or policies supporting the requirement, identified in the May 7, 2015 letter to plaintiff, that both parties be present to request a marriage application. In

the interrogatory responses, Lassen County simply stated that "the law is set forth in the Family Code and related statutes." (See ECF No. 31 at 29.) Defendant Bustamante provided a similar response. (See id. at 35.) The court finds these answers lack specificity. Plaintiff asked a legitimate question about the legal basis for the presence requirement set out in the May 7 letter. Simply responding that plaintiff should look through the entire Family Code is an insufficient response. Further, informing plaintiff that defendants need not provide him a copy of the relevant code sections compounds the problem. The court finds plaintiff made a valid request for documents supporting defendants' interrogatory answers, defendants informed plaintiff that laws exist that support the presence requirement set out in the May 7 letter, and defendants refused to provide plaintiff copies of those laws. Despite these problems, the court recognizes that in their motion for summary judgment, defendants have identified the Family Code sections they consider relevant to the presence requirement set out in the May 7 letter. Accordingly, the court finds plaintiff's request for a copy of those laws moot at this point.

### 2. Answers to Deposition Questions

The parties do not dispute that on December 30, 2016, plaintiff sent defendants a notice that defendants were to appear in Lassen County Superior Court on January 18, 2017 to provide a videotaped response to written deposition questions.

Defendants provide the declaration of attorney Patrick Deedon. (ECF No. 33-1.) Mr. Deedon states that after receiving plaintiff's notice, and before January 9, 2017, he telephoned the Lassen County Superior Court to inquire about the location of the deposition. (Id. ¶6.) He was informed that "no deposition would be going forward as the deposition was not properly before the court." (Id.) On January 9, 2017, the Superior Court sent a document entitled "Notice of Return" to all parties in this action. (Id.) Attached to Mr. Deedon's declaration is a copy of that notice. It states: "The court has no jurisdiction over the Policies and Procedures of the Lassen County Adult Detention Facility and/or Sheriff Department." (See ECF No. 33-1 at 4.)

Plaintiff contends the notice provided by Mr. Deedon was received in a different case, Hoffman v. Lassen Adult Detention Facility, No. 2:15-cv-1558 JAM KJN (E.D. Cal.) Plaintiff states that it is clear the notice was intended for that case because the notice references "Lassen

Adult Detention Facility," which is a party in that case but is not a party in this one. The court notes that plaintiff was incarcerated at the Lassen Adult Detention Facility when he claims he was denied the right to marry, the subject of this case. Therefore, plaintiff's assertion that the notice was received in a different case is not necessarily supported. In any event, Mr. Deedon's declaration shows that he was told the superior court made no provisions for the deposition noticed by plaintiff. Plaintiff does not explain why he felt he had scheduled a deposition at the superior court on January 18. Because plaintiff failed to properly notice the deposition, defendants had no obligation to attend the deposition. See Barry v. Felker, No. 2:08-cv-1722-PMP-GWF, 2010 WL 4280365, at *1 (E.D. Cal. Oct. 22, 2010). However, the court notes that the better course would have been to inform plaintiff of the defective notice.

On February 9, 2017, plaintiff sent a letter to defendants' counsel requesting answers to the written deposition questions that were submitted on December 30, 2016. (See ECF No. 31 at 47.) Plaintiff stated that the answers to the questions were due on February 15, 2017. It does not appear that defendants responded to that letter. The court construes plaintiff's letter as a belated attempt to turn his deposition questions into interrogatories. Because they were not submitted until February 9, they were untimely. However, the court recognizes that plaintiff served the original deposition questions prior to the deadline and, because plaintiff is proceeding in pro per, will review his deposition questions.

Most of plaintiff's deposition questions are argumentative or seek information that is not calculated to lead to the discovery of relevant evidence. For example, the first several questions ask why defendants' laws are made to violate prisoner's civil rights. Many questions are overbroad. Plaintiff asks who has the authority to approve "policy or local government practices." Plaintiff also asks about grand jury proceedings and asks the defendants to make legal conclusions about hypotheticals regarding things such as harassment by a jail commander. Plaintiff also ask numerous questions about issues that bear no relevance to his claim such as the use of public funds for various things, including a new courthouse, drug programs and homeless shelters. Some questions have already been asked, and answered, in the interrogatories.

////

Some of plaintiff's questions to defendants were appropriate at the time. However, they no longer appear to be likely to lead to the discovery of relevant evidence. Plaintiff's proper questions sought information about the existence of a policy requiring both parties to be present to obtain a marriage license. In their opposition to plaintiff's summary judgment motion, and in their own summary judgment motion, defendants state that the policy is based on state law and includes an exception for persons who are incarcerated. Pursuant to California Family Code § 426, an incarcerated person may obtain a marriage license through an officiant. Because the summary judgment motions clarify respondent's position in this case, only a few of plaintiff's deposition questions still have the potential to lead to the discovery of evidence relevant to plaintiff's claims. Those remaining questions to Lassen County are:

    34) Does [defendant Bustamante] make policy[?]

    45) Can you tell this court how many inmates at the county jail have been married?

The questions to defendant Bustamante are:

    17) Of [the inmates from the Lassen Adult Detention Facility who have asked for marriage applications] how many inmates have you allowed to get married as is a constitutional right?

    36) Who is responsible for policy in your office?

    44) Is it not true that your response to the plaintiff's letter was routine . . . ?

The court finds that plaintiff attempted to submit these questions through Rule 31's deposition by written questions, but was unsuccessful. Plaintiff submitted the questions in a timely manner. He could have converted the questions to interrogatories, and probably should have submitted them as interrogatories in the first place. The court must treat pro se plaintiff's filings liberally. See Hebbe v Pliler, 627 F.3d 338, 342 (9th Cir. 2010). For these reasons, the court will require defendants to respond to these few questions as though they were interrogatories.

In light of the court's partial grant of plaintiff's motion to compel, and considering plaintiff's motion for an extension of time to oppose defendants' summary judgment motion, the court will also provide plaintiff additional time to respond to file an opposition.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 31) is granted in part and denied in part. Within fifteen days of the date of this order, defendant Lassen County shall provide plaintiff with responses to deposition questions 34 and 45 and defendant Julie Bustamante shall provide plaintiff with responses to deposition questions 17, 36, and 44. Defendants shall respond to the deposition questions as though those questions had been propounded as interrogatories. In all other respects, plaintiff's motion to compel is denied. Plaintiff's request for discovery sanctions is denied.

2. If plaintiff is not satisfied with defendants' responses to the deposition questions, plaintiff may file a motion to compel within ten days of receiving defendants' responses.

3. Plaintiff's motion for an extension of time to file an opposition to the summary judgment motion (ECF No. 40) is granted. Plaintiff shall file an opposition within forty-five days of the date of this order.

Dated: May 25, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hoff1382.mtc