UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LASSEN COUNTY, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1382 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants interfered with his right to marry. Before the court is plaintiff's motion to compel defendants to comply with the court's order requiring defendants to provide discovery responses. For the reasons set forth below, the court will deny the motion.

In an order filed May 26, 2017, the court granted in part plaintiff's first motion to compel. (ECF No. 44.) The court required defendants to provide plaintiff with responses to certain deposition questions as though those questions had been propounded as interrogatories. Defendants were required to serve those responses within fifteen days of the court's order. The court informed plaintiff that if he was not satisfied with defendants' responses to the deposition questions, he could file a motion to compel within ten days of receiving defendants' responses.

////

1

In a document dated June 11 and filed here on June 15, 2017, plaintiff moved to compel defendants to comply with the May 26 order. (ECF No. 50.) On June 22, 2017, defendants filed a response. (ECF No. 53.) Therein, defendants state that they timely served the discovery responses required by the May 26 order. (ECF No. 53.) Defendants provide copies of both sets of responses with proofs of service showing they were mailed to plaintiff on June 9, 2017. (ECF No. 53-1 at 8, 16.) Service on plaintiff was complete when defendants placed the documents in the mail. See Fed. R. Civ. P. 5(b)(2). Therefore, defendants timely served the responses required by the May 26 order and plaintiff's motion will be denied.

Defendants complain that plaintiff should be sanctioned for filing a premature motion to compel and for failing to meet and confer to seek an informal resolution. (ECF No. 53 at 5-6.) Defendants seek sanctions in the amount of their attorneys' fees which totaled $720.00 to respond to the motion. Defendants' motion is partly baseless. The meet and confer requirement is set out in Local Rule 251. The court's Discovery and Scheduling Order specifically states that Rule 251 shall not apply in this case. (ECF No. 29 at 5.) That said, the court agrees that plaintiff's filing was premature. However, the court does not find plaintiff's filing so egregious as to warrant an award of sanctions. Further, the sanctions sought are not reasonable because defendants opposition is unnecessarily lengthy. Defendants needed only to inform the court that they had served the discovery responses in a timely manner. For these reasons, defendants' request for sanctions will be denied.

Finally, based on the delay in resolving the discovery dispute, plaintiff did not have an opportunity to include defendants' responses to the court-ordered discovery in his briefing in opposition to defendants' summary judgment motion. The court will permit plaintiff the opportunity to file a limited supplement to his opposition brief and, if he does, defendants will have the opportunity to file a supplement to their reply brief.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's June 15, 2017 motion to compel (ECF No. 50) is denied;
2. Defendants' request for sanctions contained in their opposition to the motion to compel is denied; and

3. Within fourteen days of the filed date of this order, plaintiff may file a supplement to his opposition to defendants' summary judgment motion to add argument regarding defendants' responses to plaintiff's discovery ordered on May 26, 2017. Plaintiff's supplement may not exceed ten pages and may address only defendants' discovery responses that were served pursuant to the May 26 order. Within ten days of the date of service of plaintiff's supplemental opposition, defendants may file a supplemental reply.

Dated: June 29, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hoff1382.mtc2 or