UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN, | No. 2:15-cv-1382 GEB DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LASSEN COUNTY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants interfered with his right to marry. On August 28, 2017, the court granted defendants' motion for summary judgment. Shortly thereafter, defendants filed a motion for attorneys' fees and plaintiff filed a motion for sanctions. Plaintiff appealed the grant of summary judgment and, on July 5, 2019, the Ninth Circuit Court of Appeals vacated the district court's decision and remanded. Below, this court addresses the parties' pending motions and recommends both be denied.

Defendants move for attorneys' fees under Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988. (ECF No. 63.) Rule 54(d) provides that the prevailing party shall be awarded costs which may, upon motion, include attorneys' fees. Section 1988(b) states that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." In support of their motion, defendants argue that this case was "baseless" as defined by the

Supreme Court in Hughes v. Rowe, 449 U.S. 5, 14 (1980).  However, the Court of Appeals' decision indicates that plaintiff's actions was not "frivolous, unreasonable, or without foundation."  Hughes, 449 U.S. at 14.  Because defendants do not meet the standards set out in Hughes for an award of attorneys' fees, this court recommends defendants' motion for attorneys' fees be denied.

Plaintiff moves for sanctions.  (ECF No. 73.)  He argues that defendants' motion for attorneys' fees is legally unsupported and, therefore, it was made solely to harass him.  This court disagrees.

Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."  Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  Within "the court's inherent power" to levy sanctions is the power to assess sanctions "against counsel who willfully abuse judicial processes."  Id. (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980)).

This court finds that at the time defendants moved for attorneys' fees, they had some grounds to argue that this action was factually unsupported.  Accordingly, this court finds no basis to impose monetary sanctions on defendants or their counsel under Rule 11(b)(1) (motions may "not be[] presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"), section 1927 (an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be subject to monetary sanctions), or any other grounds.

Accordingly, IT IS HEREBY RECOMMENDED that

1. Defendants' motion for attorneys' fees (ECF No. 63) be denied; and
2. Plaintiff's motion for sanctions (ECF No. 73) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 6, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hoff1372.mtn for fees