UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LASSEN COUNTY, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1382 KJM DB P<br><br><br><u>ORDER</u> |
| KASEY F. HOFFMANN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHELE YDERRAGA,<br><br>　　　　Defendant. | No. 2:17-cv-1755 KJM DB P<br><br><br><u>ORDER</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has requested a second extension of time to file and serve oppositions to defendants' March 26, 2020 motions for summary judgment. Plaintiff states that the prison has barred library access due to the COVID-19 pandemic. He contends that without library access he cannot conduct meaningful legal research to oppose defendants' motions.

In an order filed September 21, 2020, this court first noted that plaintiff failed to establish good cause for an extension of time to "next year" as he requested. However, this court also found that it lacked sufficient information to rule on plaintiff's motion. This court ordered defendants' counsel to contact the litigation coordinator at the California Correctional Institution ("CCI") to determine what sort of access prisoners in plaintiff's housing unit have to legal research materials. Plaintiff was also given the opportunity to file a statement explaining what, if any, ability he has to obtain legal research materials.

Both parties filed responses to the court's September 21 order. Defendants explain that inmates at CMC[1] have access to a paging system for legal materials. That system works as follows. A staff member from the "education program" at CMC "tours each housing unit at least once per day to gather requests from inmates for educational or legal library services." In between those tours, inmates may submit written requests for services. "If an inmate is in need of legal research, they are able to submit a request for legal research and the legal librarian will provide all relevant materials to the inmate via institutional mail."[2]  (ECF No. 47 at 9.)

In his filing, plaintiff first argues that denying him physical access to the law library is unconstitutional per se. It is not. See Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996). Plaintiff next argues that he is unable to conduct meaningful research using the paging system because he does not know what

---

[1] Defendants address plaintiff's access to legal materials at the California Men's Colony ("CMC") rather than CCI. Recent filings by plaintiff appear to have been sent from CMC. However, plaintiff never informed the court of his change of address. The last change of address on file, dated March 14, 2019, gave plaintiff's address as CCI. Plaintiff is reminded that he must inform the court of any changes in his address. See E.D. Cal. R. 183(b). Plaintiff risks dismissal of this action in the future if he fails to do so.

[2] Defendants' response relies upon an unsigned declaration of a Public Information Officer at CMC, Lieutenant John Hill. (See ECF No. 47 at 9-10.) When defendants' counsel asked Lieutenant Hill to sign the declaration for submission in the present cases, counsel was contacted by Frank Perez, the Litigation Coordinator at CMC. Mr. Perez informed defendants' counsel that Mr. Hill would not sign the declaration absent a "subpoena." (ECF No. 47 at 9-11.) In order to obtain a declaration regarding CMC's procedures for prisoners to obtain legal research materials, this court will request a special appearance by the Office of the Attorney General to address that matter.

legal materials he requires and therefore cannot make specific requests for materials. Plaintiff states that when he had physical law library access he could ask inmate law clerks for assistance. Plaintiff further states that he is permitted to request "cases only." (ECF No. 48.)

The parties' responses provide very different descriptions of the law library services available to plaintiff. Neither addresses issues raised in the other party's response. Defendants state that plaintiff may request legal "research" on a certain subject, and the law librarian will provide "all relevant materials" on that subject. While "all relevant materials" is a very general description of what would be provided, there is no indication in defendants' response that the materials are limited to cases or that plaintiff must provide citations to just what materials he is seeking. With respect to plaintiff's response, he fails to explain whether has made any requests for legal materials and, if he has, what materials he was provided.

This court, again, finds it lacks sufficient information to rule on plaintiff's motion. This court will request a special appearance by the Office of the Attorney General to provide the court with the necessary details regarding prisoners' access to legal research materials at CMC. In addition, this court requires additional information from plaintiff.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court shall amend the docket to reflect plaintiff's place of incarceration and address as the California Men's Colony. In addition, the Clerk of the Court is directed to serve a copy of this order on Ms. Monica Anderson, Supervising Deputy Attorney General, Office of the California Attorney General.

2. Within fourteen days of the filed date of this order plaintiff shall file a statement explaining the following:

   (a) Whether he has requested legal research on a certain subject. If plaintiff has made such a request, he must explain just what he received in response. If plaintiff has not requested legal research on a certain subject, he must explain why he has not done so.

   (b) Why he believes he may only request cases from the law library.

3. Within fourteen days of the filed date of this order, the Office of the California Attorney General shall file a statement with the following information, supported by a declaration

signed by an official at CMC with relevant knowledge of current procedures for providing prisoners at CMC with legal materials:

    (a) What specific legal research materials may an inmate be provided upon request? Solely cases? Other materials as well?

    (b) Is there a limitation on the number of volumes or documents that an inmate may be provided in response to one request for legal research materials?

    (c) If an inmate requested legal research on the subject of qualified immunity, what specific materials would he receive?

Dated: October 19, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/hoff1382+1755.msj oppo eot(2).new